UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Jeffrey Lox, | | ) |
| | Plaintiff | ) |
| | | ) |
| v. | | ) |
| | | ) |
| CDA, LTD., | | ) |
| | Defendant | ) |

Case No. 10-1042

**ORDER**

On July 1, 2011, this Court entered judgment in favor of the Defendant.  Defendant then filed its Bill of Costs, to which Plaintiff has objected. That is the matter now before this Court.

The Bill of Costs totals $2,248.90.  Plaintiff raises a challenge first to the Defendant's right to collect its costs and second to the amounts sought in the Bill.

As a general rule, costs are properly awarded to a prevailing party. Fed.R.Civ.P. 54(d)(1). The Rule creates an exception, however, where "a federal statute ... provides otherwise." Id.. Plaintiff asserts that the Fair Debt Collections Practices Act, 15 U.S.C. § 1692k(a)(3) is such a statute.       Section 1692k sets forth the bases for awards of damages to a successful *plaintiff* under the FDCPA.  The subparagraph cited above also includes the following statement: "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs."

Defendant opposes Plaintiff's argument by relying in significant part on Delta Airlines Inc. v. Colbert, 692 F.2d 489, 490-91 (7th Cir. 1982), which is a case arising under 42 U.S.C. 1983. The language in this case is wholly inapposite to the question wether the statutory section quoted above falls within the exception created by Rule 54.  The same is true for Defendant's reliance on Bilal v.

<u>BP American, Inc.</u>, - F.3d -, Case No. 06-1951, 2007 WL 186242, Jan. 8, 2007 (7th Cir.), which was brought under Title VII.

Defendant also cites a number of unpublished cases from the Northern District of Illinois for the proposition that they have "recognized prevailing defendants' right to costs in FDCPA actions." Not one of these cases is reported and copies have not been provided to the Court. Moreover, it appears that these cases simply awarded costs without considering the issue raised in this case.

The Ninth Circuit Court of Appeals has carefully and thoroughly examined this question in the recent case of <u>Rouse v. Law Offices of Rory Clark</u>, 603 F.3d 699 (9th Cir. 2010). The <u>Rouse</u> Court concluded that fees and costs may only be awarded to prevailing defendants on a finding that the plaintiff brought the action in bad faith and for purposes of harassment. <u>Id.</u> at 701. See also, <u>Bacelli v. MFP, Inc.</u>, - F.Supp. 2d  -, Case No. 09-1396, 2010 WL 4054107, Oct. 5, 2010 (M.D.Fla.)(applying <u>Rouse</u>).

The interplay between Rule 54 and this statutory section appears to be a matter of first impression in this Circuit; the parties cited the Court to no cases that expressly discuss this issue, and the Court located none in its search.  There are cases which as a matter of course apply the "bad faith or harassment" standard to a defendant's petitions for costs. See, <u>Riebe v. Juergensmeyer and Associates</u>, 979 F. Supp. 1218 (N.D.Ill.)(declining to award costs to defendant in FDCPA action because no bad faith or harassment found); <u>Rael v. Davis</u>, - F.Supp. 2d  -, 2006 WL 2346396, Aug. 11, 2006 (S.D.Ind.)(declining to award fees because the action, which included FDCPA claims, was not brought in bad faith or for harassment).

In considering this question, I find the reasoning of the Ninth Circuit in <u>Rouse</u> to be persuasive. In particular, I agree with the Court's focus on the remedial purpose of the FDCPA and agree with that Court that requiring unsuccessful consumers to pay costs to a successful defendant

as a general rule would defeat that purpose.

Moreover, any other result would render the statutory language meaningless. It is a "well-established principle of statutory interpretation" that a statute should not be interpreted in such a manner that renders statutory language meaningless. Mac's Shell Svc., Inc., v. Shell Oil Products Co. LLC., - U.S. -, 130 S.Ct.1251, 1261 (2010).

This interpretation of the FDCPA does not, as Defendant asserts, turn Rule 54 on its head. The Rule itself creates an exception where a federal statute "provides otherwise." The FDCPA's requirement that a defendant show bad faith or harassment in order to recover its costs is just such an express "provision otherwise" to the general rule. This result is wholly consistent with Rule 54.

Defendant wisely makes no argument that this case was brought in bad faith or for harassment purposes. This case was decided on a motion for summary judgment; the Order resolving that motion required careful analysis of the arguments that Plaintiff presented. There was no bad faith or harassment evidenced by any part of this case.

I therefore find that Defendant is not entitled to its costs in this matter. The Bill of Costs is accordingly STRICKEN.

ENTERED ON September 19, 2011

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE